IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| ALEX HEYDAR MOTAREF, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 4:23-cv-00881-DGK |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) ) ) ) |  |
| Defendants. | ) |  |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This lawsuit concerns an allegation of unreasonable delay in the adjudication of Plaintiff's sister's visa application by the United States Department of State.

Now before the Court is Defendants United States Department of State; the United States Embassy in Ankara, Türkiye; Antony Blinken, in his official capacity as the Secretary of State; and Jeffry L. Flake, in his official capacity as the United States Ambassador to Türkiye's (collectively, "Defendants") Motion to Dismiss Plaintiff's Claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 5. For the following reasons, the motion is GRANTED.

**Standard**

Federal Rule of Civil Procedure 12(b)(1) requires the Court to dismiss a complaint if it lacks subject matter jurisdiction to hear a dispute. In deciding a Rule 12(b)(1) motion, the Court "must distinguish between a 'facial attack' and a 'factual attack.'" *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). Here, Defendants make a facial attack on the Court's subject matter jurisdiction.

Thus, "the [C]ourt restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (quoting *Osborn*, 918 F.2d at 729 n.6). To survive a 12(b)(1) motion, the party asserting jurisdiction has the burden of proving jurisdiction. *VS Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

While a 12(b)(1) motion challenges the Court's ability to hear a case, a 12(b)(6) motion tests the legal sufficiency of the complaint. A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

## Background

### I.   Legal Background

The Department of State's website provides instructions on obtaining a U.S. visa, as applicable to this case.[1] A brief overview is as follows: A U.S. citizen who wants to help a family member obtain lawful permanent resident status must file a Form I-130 Petition for Alien Relative ("visa petition") with the U.S. Citizenship and Immigration Services ("USCIS"), a subagency of the Department of Homeland Security ("DHS"). *See* 8 U.S.C. §§ 1153(a), 1154; 8 C.F.R. § 204.1(a)(1). If USCIS approves the visa petition and the beneficiary is outside the United States, the agency forwards the case to the State Department's National Visa Center ("NVC") for

---

[1] Available at https://travel.state.gov/content/travel/en/us-visas/immigrate/the-immigrant-visa-process/step-1-submit-a-petition.html. *See Yazdanpanahderav v. U.S. Dep't of State*, No. 1:23-CV-3688 (ACR), 2024 WL 3010874, at *1 (D.D.C. June 14, 2024) (summarizing process).

2

Case 4:23-cv-00881-DGK   Document 8   Filed 07/09/24   Page 2 of 8

processing. *See* 8 C.F.R. § 204.2. Once the beneficiary submits additional paperwork, including a visa application, and the NVC deems the case "documentarily complete," the NVC coordinates with the appropriate embassy or consulate to schedule the applicant for a required interview. *See* 22 C.F.R. § 42.62. Following the interview, the consular officer "must" generally either "issue the visa" or "refuse the visa." 22 C.F.R. § 42.81(a).

## II. Factual Background

Accepting the Complaint's allegations as true, the Court finds the facts to be as follows for purposes of resolving the motion to dismiss.

Plaintiff Alex Heydar Motaref is a citizen of the United States. Plaintiff's sister Niloofar Motaref ("sister"), brother-in-law, and niece are citizens of Iran, a predominantly Muslim country, and currently reside there.

On August 29, 2006, Plaintiff filed a visa petition for his sister with the USCIS. The brother-in-law and niece are the spouse and child derivatives on the visa petition. Since all three individuals (the sister, the brother-in-law, and the niece) are being processed in the same manner, the Court refers only to Plaintiff's sister throughout this Order for ease of reference. Plaintiff paid, and Defendants accepted, all applicable filing and visa fees.

On August 19, 2009, the USCIS approved the visa petition and sent it to the NVC. The NVC deemed the case documentarily complete (Defendants claim this occurred on March 14, 2022), making the case eligible to be scheduled for a visa interview appointment at the U.S. Embassy in Ankara, Türkiye. Since the case was sent to the embassy, the State Department has not conducted an interview nor issued a decision in this case.

Plaintiff maintains Defendants refusal to schedule an interview is based on an internal DHS policy, known as the Controlled Application Review and Resolution Program ("CARRP"), that

3

intentionally delays applications due to security concerns. In this case, Plaintiff alleges the delay is due to his sister being from a predominantly Muslim country. Plaintiff alleges CARRP has neither been approved by Congress nor subjected to public notice and comment, yet Defendants have been unlawfully using it to deny applications or delay application adjudication since 2008.

Plaintiff filed this two-count lawsuit on December 4, 2023. ECF No. 1. Count I alleges Defendants unlawfully withheld and unreasonably delayed scheduling his sister's interview. Count II alleges a violation of the Due Process Clause of the Fifth Amendment. Citing both the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), and the Mandamus Act, 28 U.S.C. § 1361, Plaintiff seeks an order compelling Defendants to schedule an interview and decide the application and also to enjoin Defendants from using CARRP.

## Discussion

**I.    The Court lacks jurisdiction over Count I.**

Count I alleges Defendants unlawfully withheld or unreasonably delayed scheduling the sister's interview and adjudicating her visa case in violation of § 555(b). The Complaint consists of an APA claim, a request for mandamus, and a CARRP-related claim.[2]

**A.    Plaintiff fails to demonstrate a mandatory, non-discretionary duty.**

Defendant argues the Court lacks subject matter jurisdiction over Plaintiff's APA and Mandamus claim because Plaintiff fails to identify that Defendants have a mandatory, non-discretionary duty to schedule the sister's interview. Alternatively, Defendant argues the delay is not unreasonable.

---

[2] Plaintiff cites *Osborn v. United States* for the proposition that where a "defendant thinks the court lacks jurisdiction, the proper course is to request an evidentiary hearing." 918 F.2d 724, 730 (8th Cir. 1990). Accordingly, Plaintiff requests an evidentiary hearing on the matter. Pl.'s Resp. at 3, ECF No. 6. The cited language, however, is in the context of *factual* attacks on jurisdiction, whereas here, Defendants are bringing a *facial* attack.

4

Under the APA, a court can only compel an agency to perform a "*discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Similarly, a court "may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a *nondiscretionary duty* to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060–61 (8th Cir. 2006) (emphasis added). Courts typically require a plaintiff make the same showing under both the APA and Mandamus Act. *See, e.g.*, *Asresash B.T. v. Blinken*, No. 22-CV-1300 (WMW/JFD), 2023 WL 2273158, at *3 (D. Minn. Feb. 28, 2023).

Here, the Complaint cites to 5 U.S.C. § 555(b)[3] as the basis for Plaintiff's claim. However, Section 555(b) "merely restates a principle of good administration" and does "not create specific, non-discretionary duties." *Ali v. U.S. Dep't of State*, 676 F. Supp. 3d 460, 470 (E.D.N.C. 2023) (quotation omitted). Plaintiff appears to concede this argument because his response to the motion to dismiss posits, "Defendants are empowered by the Immigration and Nationality Act ("INA") to admit those who are eligible for a visa when a Final Action Date is current, if applicable." Pl.'s Resp. at 6, ECF No. 6 (citing INA § 201(c); 28 U.S.C. § 1151). This argument, however, does not address whether Defendants have a nondiscretionary duty to schedule an interview. Moreover, overwhelming caselaw states no such duty exists. *See, e.g.*, *Throw v. Mayorkas*, No. 3:22-CV-05699-DGE, 2023 WL 2787222, at *3 (W.D. Wash. Apr. 5, 2023) (stating "the Court can find no statutory or regulatory obligation requiring the State Department to schedule a consular interview

---

[3] 5 U.S.C. § 555(b) states:

> A person compelled to appear in person before an agency or representative thereof is entitled to be accompanied, represented, and advised by counsel or, if permitted by the agency, by other qualified representative. . . . With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it. . . .

5

by a date certain"); *Avagyan v. Blinken*, No. 22-CV-2440 (CRC), 2022 WL 19762411, at *4 n.2 (D.D.C. Sept. 29, 2022) (citing cases); *Prince v. Blinken*, No. 2:23CV100-PPS/APR, 2023 WL 5670158, at *3 (N.D. Ind. Aug. 31, 2023); *Jamoussian v. Blinken*, No. CV2110980KMAME, 2022 WL 538424, at *2 (D.N.J. Feb. 23, 2022).

Plaintiff has failed to show the Court has subject matter jurisdiction. That being so, the Court declines to address Defendants' alternative argument that the delay is reasonable.

### B. Plaintiff has failed to allege a CARRP-related claim.

As for Plaintiff's CARRP-related claim, the Complaint alleges "on information and belief" that Defendants are using CARRP to delay his sister's visa case. Defendants argue Plaintiff lacks standing because this allegation is entirely speculative and CARRP is inapplicable since it is a DHS policy (and DHS is not a named defendant here) that does not apply to I-130 petitions.[4]

To establish standing, Plaintiff must show (1) "injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood "that the injury will be redressed by a favorable decision." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). Without standing, the Court lacks subject matter jurisdiction to hear a claim. *Id.*

Plaintiff lacks standing to bring this claim. As Plaintiff admits in the Complaint, CARRP is a DHS policy, and it appears DHS already completed its role in Plaintiff's visa case. *See* Compl. ¶ 15 (alleging USCIC—a subset of DHS—approved Plaintiff's visa petition in 2009). The only allegation Plaintiff makes connecting DHS to this case is that the Department of State "regularly works with the DHS when carrying out background and security investigations that are delayed by

---

[4] Instead of addressing Defendants' key arguments in his response brief, Plaintiff argues CARRP is an unlawful policy, namely because it has not been approved by Congress nor subjected to public notice and comment. *See* Pl.'s Resp. at 10–12. However, this argument, much like the Complaint, merely assumes Plaintiff has standing to bring this claim—i.e., it jumps to the conclusion that Defendants have in fact used CARRP to intentionally delay his sister's visa case.

6

administrative processing." *Id.* ¶ 23.  Similarly, Plaintiff relies solely on "information and belief" to allege Defendants are using CARRP to delay his sister's visa case.  *Id.* ¶ 25.  These allegations are entirely speculative and insufficient to establish standing.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding conclusory statements are insufficient to overcome a motion to dismiss).  And numerous courts have held the same.  *See Ali*, 676 F. Supp. 3d at 468 (finding no standing based on factually similar case) (citing cases); *Ahmed v. U.S. Dep't of Homeland Sec.*, No. 21-CV-893 (APM), 2022 WL 424967, at *3–4 (D.D.C. Feb. 11, 2022) (same); *Begum v. U.S. Dep't of State*, No. 1:22-CV-00478-JMC, 2022 WL 16575703, at *4–5 (D. Md. Oct. 31, 2022) (finding plaintiff, who was represented by the same attorney as Plaintiff in this case, lacked standing).

The motion to dismiss is granted with respect to Count I.

**II.     Count II fails to allege a due process violation.**

Count II alleges Plaintiff has "[t]he right to fundamental fairness in administrative adjudication" under "the Due Process Clause of the Fifth Amendment to the United States Constitution."  Compl. ¶ 35.  Defendants argue Plaintiff has not alleged a cognizable property or liberty interest sufficient to state a viable due process clause claim.

The Fifth Amendment guarantees that "no person shall be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  To state a due process claim, a plaintiff must allege a deprivation of his life, liberty, or property by the government.  *See Kerry v. Din*, 576 U.S. 86, 90 (2015).  It is unclear whether Plaintiff brings a substantive or procedural due process claim, but either way, Plaintiff fails to allege a protected interest as necessary to sustain his claim.

The cases Plaintiff relies on do not support a finding that he has a protected interest in the adjudication of his sister's visa case.  *See, e.g., Cruz v. Sullivan*, 802 F. Supp. 1015, 1016 (S.D.N.Y.

1992) (addressing interests in the context of a social security benefits denial); *Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013) (discussing protected interest in immediate relative status for an alien spouse); *Bustamante v. Mukasey*, 531 F.3d 1059, 1062 (9th Cir. 2008) (relied upon passage discussing liberty interest in marriage).[5] Much like Plaintiff's other claims, a plethora of caselaw exists to the contrary. *See Ali*, 676 F. Supp. 3d at 473 (finding plaintiff failed to establish there is a constitutionally protected "interest in the procedures by which visas are obtained" or "in the timely adjudication of a visa petition for a noncitizen relative"); *Begum* 2022 WL 16575703, at *10. *Cf. Dep't of State v. Munoz*, No. 23-334, 2024 WL 3074425, at *7 (U.S. June 21, 2024) (finding a U.S. citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country). Thus, Plaintiff has failed to allege a liberty interest protected by the Fifth Amendment.

The motion to dismiss is granted with respect to Count II.

## Conclusion

For the reasons stated above, Defendants' motion to dismiss Plaintiff's Complaint is GRANTED.

**IT IS SO ORDERED.**

Date: July 9, 2024                               /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT

---

[5] Other courts have rejected reliance on these cases to establish a protected interest in the adjudication of a relative's visa case. *See Ali*, 676 F. Supp. 3d at 472 (finding *Cruz* inapplicable); *Begum*, 2022 WL 16575703, at *10 (same); *Ghadami v. U.S. Dep't of Homeland Sec.*, No. CV 19-00397 (ABJ), 2020 WL 1308376, at *10 (D.D.C. Mar. 19, 2020) (finding *Bustamante* inapplicable).